## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

<table>
<tr><td>

**CHAMBERS OF**
**BRENDAN A. HURSON**
**UNITED STATES MAGISTRATE JUDGE**

</td><td>

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-0782**
**MDD_BAHChambers@mdd.uscourts.gov**

</td></tr>
</table>

August 25, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:     *Regina T. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
        Civil No. 22-3044-BAH

Dear Counsel:

On November 25, 2022, Plaintiff Regina T. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 9) and the parties' cross-motions for summary judgment (ECFs 10 and 12). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions for summary judgment, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

### I.       PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on January 7, 2020, alleging a disability onset of January 1, 2017. Tr. 199–208. Her claim was denied initially and on reconsideration. Tr. 85–88, 104–08. On May 11, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 35–51. Following the hearing, on June 2, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 14–34. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

### II.      THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step

---

[1] 42 U.S.C. §§ 301 et seq.

*Regina T. v. Kijakazi*
Civil No. 22-3044-BAH
August 25, 2023
Page 2

sequential evaluation process.  *See* 20 C.F.R. § 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since December 10, 2019, the application date."  Tr. 19.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "cerebral vascular accident, diabetes, obesity, depression, and anxiety."  Tr. 20.  The ALJ also determined that Plaintiff suffered from the non-severe impairments of "hyperlipidemia, hypertension, hypertrophic cardiomyopathy, and anemia."  *Id*.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  *Id*.  Despite these impairments, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, or crawl.  The claimant can occasionally finger with the right upper extremity.  The claimant can frequently push or pull with the bilateral upper extremities.  The claimant can never climb ladders ropes scaffolds or work at unprotected heights.  The claimant can understand remember and carry out 2-3 step tasks or instructions.  The claimant can frequently interact with the public, supervisors, or coworkers.  The claimant can maintain concentration, persistence, and pace for two hour segments sufficient to perform routine tasks associated with unskilled work with an SVP of 1 or 2.  The claimant can perform work that involves no more than frequent changes in work situations in a routine work setting.

Tr. 22.  The ALJ found that Plaintiff could not perform any past relevant work but could perform jobs existing in significant numbers in the national economy, such as the job of Laundry Worker (DOT[2] #302.685-010), Cafeteria Attendant (DOT #311.677-010), and Car Wash Attendant (DOT #915.667-010).  Tr. 27–29.  Thus, the ALJ concluded that Plaintiff was not disabled.  Tr. 29.

---

[2] The "DOT" is shorthand for the Dictionary of Occupational Titles.  The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles . . .* , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)."  *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Regina T. v. Kijakazi*
Civil No. 22-3044-BAH
August 25, 2023
Page 3

### III.    LEGAL STANDARD

A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence.  *Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)).  "It consists of 'more than a mere scintilla of evidence but may be somewhat less than a preponderance.'"  *Id.* (quoting *Craig*, 76 F.3d at 589).

### IV.    ANALYSIS

On appeal, Plaintiff argues that the RFC is unsupported by substantial evidence.  ECF 10-1, at 6.  Regarding the RFC's physical limitations, Plaintiff argues that the ALJ's conclusions are unsupported because the ALJ formulated the RFC without regarding any medical opinion as "fully persuasive."  *Id.* at 8.  Regarding the RFC's mental limitations, Plaintiff argues that the ALJ's conclusions were "improperly formed."  *Id.* at 7.  Plaintiff further avers that the ALJ erred by failing to either recontact Plaintiff's sources, order a consultative examination, or obtain medical interrogatories.  *Id.*  Defendant counters that substantial evidence supported the RFC and that the ALJ had no duty "to further develop the record as the record itself was substantial enough to support[] the ALJ's RFC findings."  ECF 12-1, at 5.  Defendant further avers that "the decision to recontact a medical source is discretionary, and the ALJ need not do so when the evidence is sufficient to determine whether the claimant is disabled, as was the case here."  *Id.* at 9 (citing 20 C.F.R. § 416.920b(b)(2)(i)).

As an initial matter, I am unpersuaded that the ALJ "failed to properly develop the record." ECF 10-1, at 6.  "In some situations," an ALJ may "need to take . . . additional actions" before making a disability determination because the record contains "inconsistent evidence" or "does not contain all the information [needed] to make [a] determination or decision."  20 C.F.R. § 416.920b(b).  These additional actions can include recontacting a claimant's medical source, asking a claimant to undergo a consultative examination at the SSA's expense, requesting additional evidence, or asking a claimant or others for more information.  *See id.*

Plaintiff contends that the ALJ "should have developed the record given the numerous options available to him."  ECF 10-1, at 7.  But Plaintiff appears to conflate a challenge to the sufficiency of the RFC with a challenge to the sufficiency of the record.  Plaintiff's brief identifies no insufficiency in the current record that would warrant the ALJ's exercise of any of the options for further factual development listed at 20 C.F.R. § 416.920b(b).  *See generally id.*  To the contrary, Plaintiff points out that "there is ample evidence of non-exertional limitations" in the record, *id*. at 10, and she spends several pages of her motion recounting her lengthy physical and mental treatment history which is already contained in this case's record.  *See id.* at 2–5.  Plaintiff also fails to identify any record evidence which is inconsistent with other evidence, or any aspect of the ALJ's decision which might suggest that such an issue existed.  *See generally id.*  Given

*Regina T. v. Kijakazi*
Civil No. 22-3044-BAH
August 25, 2023
Page 4

this, I find that remand is not warranted on this basis.[3]

However, Plaintiff's overarching argument—that the RFC was unsupported by substantial evidence—*is* persuasive.  *See id.* at 1.  A claimant's RFC represents "the most [she] can still do despite [her] limitations."  20 C.F.R. § 416.945(a).  In determining the RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [her] ability to work.'"  *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)).  "[E]very conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it."  *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (alteration in original) (citation omitted).  Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions.  *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Plaintiff avers that "the ALJ's mental RFC . . . was improperly formed" and that this error was harmful because the vocational expert testified that work would be precluded if a claimant could "only frequently maintain concentration, persistence, [and] pace."  ECF 10-1, at 7, 10.  In the decision, the ALJ determined that Plaintiff possesses "a moderate limitation" with regard to "concentrating, persisting or maintaining pace."  Tr. 21.  The ALJ then concluded in the RFC that Plaintiff "can maintain concentration, persistence, and pace for two hour segments sufficient to perform routine tasks associated with unskilled work with an SVP of 1 or 2."  Tr. 22.

The ALJ's assessment of Plaintiff's limitation in concentrating, persisting, and maintaining pace ("CPP") amounts to error.  In *Mascio*, the Fourth Circuit ordered remand to the SSA "because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining [CPP]."  *McDonald v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *3 (D. Md. July 18, 2017) (citing *Mascio*, 780 F.3d at 637–38).  In so doing, the *Mascio* court unambiguously held that "an ALJ does not account for a claimant's limitations in [CPP] by restricting the hypothetical question to simple, routine tasks or unskilled work."  *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r, Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)).  "In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that '[o]nly the latter limitation would account for a claimant's limitation in [CPP].'"  *Talmo v. Comm'r, Soc. Sec. Admin.*, No. ELH-14-2214, 2015 WL 2395108, at *2 (D. Md. May 19, 2015), *report and recommendation adopted* (D. Md. June 5, 2015) (citing *Mascio*, 780 F.3d at 638).

The ALJ's analysis here is similarly flawed.  While the ALJ apparently tried to account for

---

[3] Additionally, the ALJ did not err by determining the RFC "without the benefit of a fully persuasive medical opinion."  ECF 10-1, at 8.  "[A]n ALJ need not parrot a single medical opinion, or even assign 'great weight' to any opinions, in determining an RFC assessment."  *Jackson v. Comm'r*, No. CCB-13-2086, 2014 WL 1669105, at *2 (D. Md. Apr. 24, 2014), *report and recommendation adopted*, (D. Md. May 14, 2014).

*Regina T. v. Kijakazi*
Civil No. 22-3044-BAH
August 25, 2023
Page 5

a moderate CPP limitation by modifying the RFC to the performance of "routine tasks," this limitation was flatly rejected in *Mascio.*  The ALJ's other apparent accommodation for Plaintiff's moderate CPP difficulties—working in "two hour segments"—has been similarly rejected by this Court as inadequate.  *See Richardson v. Berryhill*, No. TJS-17-1523, 2018 WL 11474067, at *3 (D. Md. June 25, 2018) ("The ALJ's finding that [the claimant] can perform work in two-hour increments with normal breaks does not adequately account for her ability to concentrate and stay on task."); *Ludlow v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-3044, 2016 WL 4466790, at *2 (D. Md. Aug. 23, 2016) (noting that an ALJ's "restriction to working in 2-hour intervals does not adequately account for a moderate limitation in the ability to stay on task, absent further explanation"); *see id*. (citing Social Security Ruling 96-9p, 1996 WL 374185 (July 2, 1996), for the proposition that "a normal workday includes a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals, and that the occupational base is not eroded where limitations may be accommodated by these regularly scheduled breaks").

"Pursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in [CPP], the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo*, 2015 WL 2395108, at *3.  Here, the ALJ neither provided an adequate corresponding limitation, nor explained why none was necessary.  Remand is thus required.  In remanding for further analysis, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

V.     **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 10, is DENIED and Defendant's motion for summary judgment, ECF 12, is DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge